CORY ANTHONY AGUIRRE, SBN # 81441
LAW OFFICE OF CORY ANTHONY AGUIRRE
1235 North Harbor Boulevard, Suite 110
Fullerton, California 92832
Telephone: 714-773-0992
Facsimile: 714-773-0986

Attorney for Defendant,
JOHN ANTHONY TERRONES

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN ANTHONY TERRONES, <br><br> Defendant. | No. SA CR 19-194-JLS <br><br> DEFENDANT'S SENTENCING POSITION <br><br> Hearing Date: May 21, 2021 <br> Hearing Time: 9:00 A.M. <br> Location: Courtroom of Hon. Josephine L. Staton |

Defendant, John Anthony Terrones, by and through his counsel of record, Cory Anthony Aguirre, hereby files his sentencing position.

The Defendant's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report ("PSR"), the attached exhibits, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: May 19, 2021

                                             *Cory Anthony Aguirre*
                                             Cory Anthony Aguirre, Esq.
                                             Attorney for Defendant,
                                             JOHN ANTHONY TERRONES

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

On August 27, 2020, defendant John Anthony Terrones ("defendant") pleaded guilty to count one of the indictment in this matter: Possession with Intent to Distribute Methaphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b) (1) (A) (viii). On December 23, 2020, the United States Probation Office ("USPO") filed its recommendation ("Recommendation Letter") (Dkt. No. 42) and Presentence Report ("PSR") (Dkt. No. 43).

In the PSR, the USPO found that defendant's combined adjusted offense level, with acceptance of responsibility, is 34, and that defendant is in criminal history category VI, yielding a Guidelines range of 262 to 327 months. PSR 114. The USPO recommends: (1) a sentence of 235 months; (2) a 5-year period of supervised release; and (3) a special assessment of $100.00. Recommendation Letter at 1.

The defendant does not agree with the USPO's calculation of defendant's total offense level and criminal history category. The defendant recommends that the Court impose a low-end sentence of 120 months, followed by a five-year period of supervised release, and a special assessment of $100.00. The defendant believes this sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. 3553 (a).

II. FACTUAL BACKGROUND

On October 2, 2019, an officer from California State University Fullerton Police Department ("CSUFPD") observed a vehicle driven by defendant make an unsafe lane change and fail to drive within a single marked lane, both violations of California Law. The officer activated his patrol vehicle's lights to signal defendant to pull his vehicle over. Approximately, one mile later the defendant stopped his vehicle in a residential neighborhood and was arrested by officers from CSUFPD and the Fullerton Police Department for driving on a suspended licene and evading police, misdemeanors. Law enforcement impounded the vehicle and later conducted an inventory search, which revealed 2,037.331 grams of methamphetamine, 62.7 grams of heroin, and 6.63 grams of cocaine, located in different places in the vehicle.

III. DEFENDANT'S GUIDELINES CALCULATIONS

Defendant's base offense level is 36, based on the quantity of methamphetamine, 2,037 grams, to which he plead guilty. U.S.S.G § 2D1.1 (c) (2). Defendant's offense level is increased to 37 because he is a career offender (he has five prior felony convictions of a controlled substance offense). The statutory maximum for the offense of conviction is life and the statutory minimum for the offense is 10 years. U.S.S.G 4B1.1 (b) (1). Defendant's total offense level is 34, after a three-level reduction for acceptance of responsibility. U.S.S.G 3E1.1. Because defendant is a career offender, his criminal history category is VI. U.S.S.G 4B1.1 (b). An offense level of 34 with a criminal history category of VI, yields a Guidelines range of 262 to 327 months.

IV.     DEFENDANT'S PLEA AGREEMENT AND EFFECT ON GUIDELINES CALCULATIONS

The defendant seeks a six-level downward departure in this case. If granted by the Court, defendant's offense level would reduce from 34 to 28 which is a Guidelines range of 140-175 months.

On August 17, 2020, the defendant entered into a plea agreement with the government. The plea agreement was subsequently filed with the Court. In the plea agreement the defendant agreed to cooperate with the government attorney's and provide substantial assistance to law enforcement.

On February 20, 2020, August 7, 2020, November 24, 2020 and December 22, 2020, the defendant, his counsel and the government's attorney's and law enforcement representation had proffer sessions pursuant to the plea agreement. The defendant truthfully and completely responded to all questions put forth to him by the U.S.A.O and law enforcement officials. The defendant voluntarily provided all information as required by the U.S.A.O and law enforcement officials. The defendant believes he has complied with the terms of the plea agreement.

Under the terms of the plea agreement, the U.S.A.O agreed at the time of sentencing, provided that the defendant demonstrates an acceptance of responsibility for the offense, recommend a 2-level reduction of the sentencing guidelines level and recommend an additional 1-level reduction.

Further, under the plea agreement, if the defendant provides substantial assistance to law enforcement in the presentation or investigation of another, the U.S.A.O shall move the Court pursuant to U.S.S.G § 5K.1 and 18 U.S.C 3553(a), to impose a sentence below the mandatory minimum of 10 years. The defendant maintains that he has provided substantial assistance to law enforcement as to warrant a sentence to the mandatory minimum of 10 years.

V.      THE DEFENDANT'S POSITION -- A SENTENCE OF 120 MONTHS -- IS A REASONABLE AND APPROPRIATE PURSUANT TO THE 3553 (A) FACTORS

The defendant respectfully recommends: (1) a sentence of 120 months of imprisonment; (2) a five-year period of supervised release; and (3) a $100.00 special assessment. The defendant believes this sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. 3553 (a).

In this instant case, the defendant was stopped for traffic violations and subsequently arrested for driving on a suspended license and evading, misdemeanors. The failure to immediately stop was a short distance (less than one mile). After the defendant parked his vehicle, the defendant complied with the officers requests. After the defendant was arrested, an inventory search was conducted of the vehicle, which revealed the drugs inside the vehicle. The defendant was subsequently arrested for the charges to which he pled guilty to.

There were no aggravating circumstances with request to this incident. There were no weapons on the defendants' person or inside

the vehicle. There were no large amounts of money found on the defendants' person or inside the vehicle. There were no pay owe documents or scales to indicate an ongoing sale transaction of drugs. There were no confidential informants or law enforcement investigations pending against the defendant.

None of the defendant's prior felony convictions involved any violent offenses. Further, the defendant has no prior weapon convictions.

The defendant has been addicted to drugs since he was a teenager. The defendant is 48 years old. The defendant was jumped into a gang as a teenager. The defendant is not an active gang member and the current case is not a gang case. The defendant was born and raised in Placentia, California and has extensive family members residing in Orange County, California.

While in custody, the defendant has completed courses from Santa Ana College in College Keyboarding, Windows 10, MS Word, MS Excel, Employment Skills, General Education Development, General Office Clerk, Typing Therapy, MS Powerpoint and MS Publisher. Defendant has certificate of completion on all courses.

The defendant respectfully requests the Court to sentence him to the statutory minimum of 10 years pursuant to 21 U.S.C § 841 (a) (1), 841 (b) (1) (A) (viii).

VI.     FINE

The USPO determined that defendant does not have the ability to pay a fine at the time of sentencing. PSR 110. Accordingly, the USPO recommends that, pursuant to U.S.S.G 5E1.2 (a), all fines should be waived. Recommendation Letter at 1. The defendant agrees with the USPO.

VII.    CONCLUSION

For the foregoing reasons, the defendant recommends that the Court sentence defendant to 120 months in custody, followed by a five-year period of supervised release, and a mandatory special assessment of $100.00.

DATED: May 19, 2021

*Cory Anthony Aguirre*
Cory Anthony Aguirre, Esq.
Attorney for Defendant,
JOHN ANTHONY TERRONES

PROOF OF SERVICE ( 1013 A, 2015.5 C.C.P. )

STATE OF CALIFORNIA, COUNTY OF ORANGE

I declare that I am a citizen of the United States, a resident of Orange County, over the age of eighteen years, not a party of the above entitled action, and have a business address at 1235 North Harbor Blvd. Suite 110, Fullerton, California 92832.

On 05/19/2021, I served the following documents: DEFENDANT'S SENTENCING POSITION on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, the United States mail at Fullerton addressed as follows:

Andrew Beshai, Assistant United States Attorney
8000 United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92707
andrew.beshai2@usdoj.gov

__x___     (BY MAIL) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Fullerton, California. In the ordinary course of business, I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

_____     (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressee.

_____     (BY FACSIMILE) I caused such documents to be transmitted by facsimile to the phone number listed above.

__x___     (BY ELECTRONIC SERVICE) I electronically served the such documents to the email address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Excuted on: 05/19/2021

DANIELA CORONA
Legal Assistant

PROOF OF SERVICE - 1